UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re the Estate of DOROTHY MAY LAMBERSON, | ) ) ) | |
| GARY LEE LAMBERSON, | ) ) | No. 2:25-CV-76 HEA |
| Petitioner, | ) ) | |
| v. | ) ) | |
| STEVEN PAUL LAMBERSON, et al., | ) ) | |
| Respondents. | ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Petitioner Gary Lee Lamberson's Motion to Remand.  (ECF No. 8).  Respondent Phyllis Jean Gottlieb opposes the motion.[1] Petitioner Gary Lamberson did not file a reply memorandum, and the time to do so has expired.  Therefore, the motion is ripe for review.  For the reasons that follow, Petitioner Gary Lamberson's Motion to Remand will be granted.[2]

---

[1]Respondent Phyllis Gottlieb is proceeding in this matter *pro se* without the assistance of counsel.  She filed and signed the Notice of Removal, as well as the "Opposition to Order Remanding Action to State Court." (ECF Nos. 1, 2 and 11).  No other respondent signed these documents, and they have not entered an appearance in this Court.

[2]Also pending before the Court is Allen Gottlieb's Motion to Intervene. Allen Gottlieb is Phyllis Gottlieb's husband, and he has signed several filings in this case. Respondent Phyllis Gottlieb and Allen Gottlieb also filed a motion to disqualify Petitioner Gary Lamberson's attorney, Fairfax Jones.  As the Court finds this case was not properly removed, *see* discussion *infra*, the Court declines to take up these two motions, which can be addressed in state court following remand.

## *Background*

On December 18, 2024, Gary Lamberson filed suit in the Circuit Court of Pike County, Missouri, Probate Division against Steven Paul Lamberson, Phyllis Jean Gottlieb in her individual capacity and as the guardian of Jesse Harry Gottlieb, Lori A. Fuerst as the guardian of the person and estate of David Ray Lamberson, and Rachel Elizabeth Gottlieb Elbinger.  Petitioner Gary Lamberson seeks to modify the Dorothy M. Lamberson Trust. Respondent Phyllis Gottlieb, both individually and as the guardian of Jesse Gottlieb, was served with the Petition on January 23, 2025.

On October 21, 2025, Respondent Phyllis Gottlieb removed the case to this Court pursuant to 28 U.S.C. § 1441(a).  Respondent Phyllis Gottlieb states in her Notice of Removal that Rachel Elbinger, Jesse Gottlieb, and Steven Lamberson join in the removal. Respondent Phyllis Gottlieb claims this Court has federal question and diversity subject matter jurisdiction over this dispute.

Petitioner Gary Lamberson filed a motion to remand to state court. Petitioner Gary Lamberson argues removal was defective for the following reasons: (1) the Notice of Removal was untimely filed; (2) Respondent Lori A. Fuerst, guardian of the person and estate of David Ray Lamberson, did not join in or consent to the removal; (3) the forum defendant rule prohibits removal on the basis of diversity jurisdiction; and (4) Respondent Phyllis Gottlieb failed to provide the Court with "a copy of all process, pleadings, and orders served upon [her]" as required by 28

2

U.S.C. § 1446(a).  Petitioner Gary Lamberson also argues that the Court lacks federal question subject matter jurisdiction under 28 U.S.C. § 1331.

## *Discussion*

The Court will first address whether it has subject matter jurisdiction over this dispute.  In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of subject matter jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938).  It may also look to the notice of removal to determine its jurisdiction.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 n.6 (8th Cir. 2014).  The removing party, here Respondent Phyllis Gottlieb, bears the burden of proof that all prerequisites to jurisdiction are satisfied.  *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).  Doubts about federal jurisdiction must be resolved in favor of remand.  *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

In general, a defendant may rely on one of two types of federal subject matter jurisdiction to remove a case to federal court: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331.  The Court will first address whether there is federal question jurisdiction in this case.

A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)).  In this dispute, the state court petition was filed in the circuit court's probate division pursuant to Missouri Revised Statute § 456.8-813, and it is a "Petition for Modification of a Trust Agreement for the Appointment of Successor Trustee and Allowance of Trustee's Fees."[3]  Missouri statute creates the cause of action, and the suit could not have been filed in federal court originally.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court agrees with Petitioner Gary Lamberson that federal question jurisdiction is lacking in this case.

Respondent Phyllis Gottlieb also asserts that the Court has diversity jurisdiction.  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in

---

[3]Respondent Phyllis Gottlieb did not provide the Court with a copy of the Petition from the case she removed, instead she filed a copy of the Petition from Case No. 21PI-PR0006, the probate action for the Last Will and Testament of Dorthy May Lamberson.  The Court takes judicial notice of the Petition for the case at bar, which the Court was able to obtain through Missouri Case.net. *See* https://www.courts.mo.gov/fv/c/Petition%20for%20modifications%20of%20trust%20agreement%20for%20the%20appointment%20of%20successor%20trustee%20and%20allowance%20of%20trustees%20fees.PDF?courtCode=45&di=2413858  (last visited December 29, 2025).

controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." *Knudson*, 634 F.3d at 975 (quoted case omitted).

For individual parties, it is well established that an allegation of residence is not the equivalent of an allegation of citizenship, *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Reece*, 760 F.3d at 777–78. "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. *See, e.g., Black's Law Dictionary* 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'). A notice of removal is defective where the removal is based on diversity, and it alleges residency and fails to specify the parties' citizenships. *Reece*, 760 F.3d at 778.

In this case, the Petition and Notice of Removal allege that Respondents are residents of Florida and Missouri, and that Petitioner Gary Lamberson is a resident of Texas. The allegations in the Petition and Notice of Removal, therefore, do not contain sufficient allegations regarding the states of which the parties are citizens to establish that complete diversity of citizenship exists in this matter. *Sanders*, 823

F.2d at 216; *Reece*, 760 F.3d at 777–78. Based on the record before it, the Court finds that Respondent Phyllis Gottlieb has failed to establish the parties are diverse and that diversity jurisdiction exists in this case.

That said, even if the Court were to find that diversity jurisdiction exists, the Court must remand the case to state court because the removal was defective for several reasons. First, the Notice of Removal was untimely under 28 U.S.C. § 1446(b)(1). Respondent Phyllis Gottlieb, both individually and as the guardian of Jesse Gottlieb, was served with the Petition on January 23, 2025. Respondent Phyllis Gottlieb did not remove this case until October 21, 2025, almost nine months after she was served.

Second, not all of the defendants have joined in or consented to the removal, as required by 28 U.S.C. § 1446(b)(2)(A). According to the state court record, Lori A. Fuerst, guardian of the person and estate of David Ray Lamberson, entered her appearance in this matter in state court on March 7, 2025. Ms. Fuerst did not join in or consent to the removal of this case to federal court on behalf of David Ray Lamberson.

Finally, removal is barred by the forum defendant rule. The "forum defendant" rule, codified at 28 U.S.C. § 1441(b)(2), imposes an additional restriction on the removal of diversity cases. The statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title

may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if the Court were to equate residency with citizenship and find that the parties are diverse and diversity jurisdiction exists, removal would be improper because Steven and David Lamberson are from the forum state of Missouri.

In sum, the Court finds that the removing party has failed to show that there is subject matter jurisdiction in this case. A federal question is not presented on the face of the state court Petition, and the record is insufficient for the Court to find that there is diversity of citizenship between the parties. But even if the Court were to find it has subject matter jurisdiction under 28 U.S.C. § 1331, the case must be remanded because removal was improper. The removal was untimely, all the defendants did not join in or consent to the removal, and the forum defendant rule applies.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gary Lee Lamberson's Motion to Remand is **GRANTED**. (ECF No. 8).

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of Pike County, Missouri, from which it was removed.  An appropriate Order of Remand will accompany this order.

Dated this 29th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE